UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT _____
EASTERN DIVISION
CIVIL ACTION NO. 14 - _____

A.W., JR., an unmarried infant
by and through his parents and guardians,
ANTHONY WALES, SR., and TONYA WALES
91 Brooks Road
Highlands NC 28741

and

ANTHONY WALES, SR. AND
TONYA WALES, individually and as
Parents and Guardians of
A.W., JR., an unmarried infant                          PLAINTIFFS
91 Brooks Rd.
Highlands NC 28741

vs.                    COMPLAINT WITH JURY DEMAND

FARMERS STOCKYARDS, INC.
A Kentucky Corporation
255 Helena Road
Flemingsburg KY 41041

Serve via Process Agent:
Mr. Elden Ginn, Kentucky Registered Agent              DEFENDANT
255 Helena Road
Flemingsburg, KY 41041


Come now the Plaintiffs and for their Complaint state as follows:

**PARTIES**

1.      A.W., JR., is an unmarried infant, minor child and a citizen of North Carolina.  A.W.,

1

JR., resides with his parents and guardians, ANTHONY WALES, SR. and TONYA

WALES, at 91 Brooks Road, Highlands, North Carolina 28741.

2.     Plaintiff, ANTHONY WALES, SR. and TONYA WALES are the parents and guardians

of A.W., JR., citizens of North Carolina and reside at 91 Brooks Road, Highlands, North

Carolina 28741.

3.     Defendant, FARMERS STOCKYARDS, INC., is a Kentucky Corporation, with its

principal office in Flemingsburg, Kentucky 41041. Defendant, FARMERS

STOCKYARDS, INC., has as its process agent, Mr. Elden Ginn, at 255 Helena Road,

Flemingsburg, Kentucky 41041.

## JURISDICTION

4.     All acts and allegations that occurred herein occurred at the facility owned and/or

operated by FARMERS STOCKYARDS, INC., at 255 Helena Road, Flemingsburg,

Kentucky 41041.

5.     There is complete diversity between the Plaintiffs and Defendant in this matter and the

claim of each Plaintiff, exclusive of interest and costs, exceeds $75,000.00 thus vesting

this Court with jurisdiction.

## FACTS

6.     The Plaintiffs reiterate the information contained in paragraphs one (1) through five (5) as

previously set forth.

7.     On October 12, 2013, Plaintiff A.W., JR., was an invitee to the FARMERS

STOCKYARDS, INC. facility at 255 Helena Road, Flemingsburg, Kentucky 41041;

8.     On October 12, 2013, the Plaintiff, A.W., JR., was in the company of his parent and

guardian, ANTHONY WALES, SR., and while keeping due care for his safety, A.W., JR. fell through and between the railing of an elevated walkway to the pathway below in the premises of FARMERS STOCKYARDS, INC.

9.  At all times herein the Defendant, FARMERS STOCKYARDS, INC., owned and/or operated the premises and was responsible for the safety of invitees including the minor child, A.W., JR., on its premises.

## COUNT I - NEGLIGENCE

10. The Plaintiffs reiterate the information contained in paragraphs one (1) through nine (9) as previously set forth.

11. Due to the defective and dangerous condition of the elevated walkway, the minor child, A.W., JR., suffered substantial injury to his person and has been permanently impaired.

12. At all times relevant hereto the Defendants had a duty to exercise ordinary care to maintain the elevated walkway in a reasonably safe condition for use by the Plaintiffs and all others entering or exiting the premises.

13. At all times relevant hereto the Defendant had a duty to make reasonable inspections and be responsible to know how the premises operates, who the invitees, customers and guests are, where they will walk, and what they will do as they enter, exit, and visit the grounds of the premises.

14. At all times relevant hereto the Defendant had a duty using reasonable means to identify any risk which will cause serious injury or death.

15. At all times relevant hereto the Defendant had a duty to reasonably and feasibly eliminate any such risk of serious injury or death.

3

16.   At all times relevant hereto the Defendant had a duty to mitigate any risk of serious injury or death that cannot be eliminated.

17.   At all times relevant hereto the Defendant had a duty to warn of any risk of serious injury or death that cannot be either eliminated or reduced.

18.   As a direct and proximate result of the negligent acts and/or omissions of the Defendant and its agents, ostensible agents, servants, employees and/or other representatives, the Plaintiffs, ANTHONY WALES, SR., TONYA WALES, and A.W., JR., while exercising due care for the minor child's own safety were injured by the defective condition of the premises.

19.   Defendant knew or should have known of the dangerous condition of the premises and failed to repair and/or correct the dangerous condition and failed to warn Plaintiffs of the dangerous condition.

20.   As a direct and proximate result of the negligent acts and/or omissions of the Defendant, by and through its agents, ostensible agents, servants, employees and/or other representatives, which are complained of in this complaint, the minor child, A.W., JR., incurred medical expenses both past and future, physical and mental pain and suffering both past and future, lost enjoyment of life both past and future and suffers permanent impairment of his power to labor and earn money in the future.

21.   The acts and/or omissions of the Defendant, by and through its agents, ostensible agents, servants, employees and/or other representatives, which are complained of in this Complaint, were negligent, thus making the defendant answerable to the Plaintiff for compensatory damages.

22.   The acts and/or omissions of the Defendant, by and through its agents, ostensible agents, servants, employees and/or other representatives, which are complained of in this

Complaint, were grossly negligent, reckless, wanton or willful thus making the Defendant answerable to the Plaintiffs or punitive damages.

## COUNT II – NEGLIGENCE *PER SE*

23.  The Plaintiffs reiterate the information contained in paragraphs one (1) through twenty-two (22) as previously set forth.

24.  Defendant, FARMERS STOCKYARDS, INC., maintained the elevated walkway within its facility in such a manner as to not be in compliance the Kentucky Building Code. Violation of subject code was a proximate cause of the injuries and damages sustained herein, and thereby the Defendant was negligent per se.

25.  As a direct and proximate result of the failure to comply with Kentucky Building Code by the Defendant, by and through its agents, ostensible agents, servants, employees and/or other representatives, which are complained of in this complaint, the minor child, A.W., JR., incurred medical expenses both past and future, physical and mental pain and suffering both past and future, lost enjoyment of life both past and future and suffers permanent impairment of his power to labor and earn money in the future.

26.  The acts and/or omissions of the Defendant's failure to comply with Kentucky Building Code, by and through its agents, ostensible agents, servants, employees and/or other representatives, which are complained of in this complaint, were negligent, thus making the defendant answerable to the Plaintiff for compensatory damages.

27.  The acts and/or omissions of the Defendant's failure to comply with Kentucky Building Code, by and through its agents, ostensible agents, servants, employees and/or other

5

representatives, which are complained of in this complaint, were grossly negligent, reckless, wanton or willful thus making the Defendant answerable to the Plaintiffs or punitive damages.

## COUNT III – LOSS OF SERVCES OF MINOR

28.   The Plaintiffs reiterate the information contained in paragraphs one (1) through twenty-seven (27) as previously set forth.

29.   As a direct and proximate result of said injuries to Plaintiff, A.W., JR., the Plaintiffs, ANTHONY WALES, SR. and TONYA WALES, have been deprived of the services of their child, A.W., JR., and will continue to be deprived of services of their child in the future;

30.   That damages complained of herein by the Plaintiffs, ANTHONY WALES, SR. and TONYA WALES, are in excess of Seventy-Five Thousand Dollars ($75,000.00), the minimum jurisdictional amount required of this Court.

**WHEREFORE**, Plaintiffs, Anthony Wales, Sr. and Tonya Wales, Individually and A.W., Jr. by and through Anthony Wales, Sr. and Tonya Wales, his parents and guardians, respectfully demand judgment against the Defendant as follows:

1.   Judgment against Defendant, Farmers Stockyards, Inc., in an amount of $1,000,000.00, as a direct and proximate result of the injuries caused by the Defendant;

2.   A trial by jury on all issues so triable;

3.   The Plaintiff's costs herein expended; and

4.   And any and all other relief to which Plaintiffs appear properly entitled.

6

Respectfully submitted,


S/Stephen L. Bates
Stephen L. Bates II (KBA # 92273)
Trial Attorney for Plaintiffs
92 S. Main Street, P.O. Box 166
Dry Ridge, KY 41035
(859) 823-0360
(859) 823-0429 [Facsimile]


S/Steven N. Howe
Steven N. Howe (KBA #81612)
Trial Attorney for Plaintiffs
94 S. Main Street
Dry Ridge, KY 41035
(859) 824-0500
(859) 824-0555 [Facsimile]

7