UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| ANTHONY WALES, SR. and ) <br> TONYA WALES, Individually ) <br> and as parents & guardians ) <br> of an unmarried infant, ) <br> Next Friend A.W., Jr., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> FARMERS STOCKYARDS, INC., et ) <br> al. ) <br> ) <br> Defendants. ) | Action No. <br> 5:14-cv-394-JMH <br> <br> <br> <br> <br> <br> **MEMORANDUM OPINION AND ORDER** |

\*\*\*  \*\*\*  \*\*\*

This matter is before the Court upon Abner Construction Company's motion for summary judgment with respect to the issue of common law negligence, [DE 153]. The Plaintiffs have filed a response, [DE 155], and Abner Construction has filed a reply, [DE 157]. For the reasons that follow, the Court will grant Abner Construction Company's motion for summary judgment.

Abner Construction was brought into this case as a third-party defendant by Farmers Stockyards. Farmers Stockyards alleged that Abner was responsible for the construction of the walkway from which A.W., Jr., allegedly fell and that Abner bore any resulting responsibility. Approximately one year later, Plaintiffs filed an amended complaint, adding Abner as a defendant,

claiming negligence and negligence per se.[1] Plaintiffs claim that Farmers Stockyard and Abner Construction had a duty to "design and construct the elevated walkway within the industry standards existing at the time of construction . . . ." Further, Plaintiffs allege, Abner had a duty "to design and construct the elevated walkway in such a manner for the use anticipated by patrons of Defendant." Abner claims the Court should grant summary judgment in its favor because its "sole role" in this matter was to construct the walkway and there is no evidence that it was done negligently.

The Court is unable to identify any portion of the record wherein Abner Construction denies that it designed the walkway at issue. Plaintiffs have offered evidence regarding three other stockyards that were constructed in central Kentucky during the same time period as Farmers Stockyards, which all contained elevated walkways with safety features beyond those required by the Kentucky Building Code. Based on its complaint and its response brief, it appears that Plaintiffs allege negligence under a design defect theory.

To state a cause of action for negligence, Plaintiffs must establish that Abner Construction owed them a duty, that Abner breached that duty, and that there is a causal connection between

---

[1] Because the negligence per se claim has been dismissed, the Court will discuss the allegations only with respect to the common law negligence claim.

2

the breach of that duty and the injuries suffered. *See Lucas v. Gateway v. Comm. Servs. Org., Inc.*, 343 S.W.3d 341, 343 (Ky. Ct. App. 2011). Plaintiffs rely on *Saylor v. Hall*, 497 S.W.2d 218 (Ky. 1973), for the proposition that Abner owed them a duty of care under the circumstances. *Saylor*'s holding is very narrow, however. It involved a child who was killed in his home when a stone fireplace collapsed, crushing the child to death. The Kentucky Supreme Court limited its holding to the precise facts of the case, finding that the builder of the home was subject to liability to third parties for negligent construction. *Id*. at 224. Plaintiffs have provided no case law to persuade the Court that Kentucky courts would extend a builder's duty to all future invitees in a public building.

Additionally, the Court notes, products liability theories do not apply to Plaintiffs' negligence claims under Kentucky law. *See Powell v. Tosh*, 929 F. Supp. 2d 691, 712-15 (W.D. Ky. 2013) (vacated in part on other grounds). Accordingly, recovery pursuant to a theory of strict liability is unavailable. *See Radcliff Homes, Inc. v. Stellwagen*, 766 S.W.2d 63, 68-69 (Ky. Ct. App. 1989); KRS § 411.300.

Because there is no genuine issue of material fact with respect to duty, an essential element of Plaintiffs' common law negligence claim, the Court will grant summary judgment in favor of Abner Construction with respect to this claim. The Court notes

that as Abner Construction failed to address Farmers Stockyards' third-party indemnification claims against it, these claims remain part of this action.

Accordingly, **IT IS ORDERED** that summary judgment is **GRANTED** in favor of Abner Construction Company with respect to the issue of common law negligence and, thus, the remainder of Plaintiffs' claims against it.

This the 28th day of March, 2016.



Signed By:
_Joseph M. Hood_
Senior U.S. District Judge